ON APPLICATION FOR REHEARING
LPER CURIAM.
Respondent, Donald O. Pinkston, seeks rehearing from the judgment of this court *976 permanently disbarring him from the practice of law. Essentially, respondent claims that he was denied procedural due process because the Office of Disciplinary Counsel did not give him notice, either in its formal charges or written briefs, that permanent disbarment could be imposed in his case.[1]
The essence of procedural due process is that “notice should be given to the attorney of the charges made and opportunity afforded him for explanation and defense.” In re: Buffalo, 390 U.S. 544, 550, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968) (quoting Randall v. Brigham, 74 U.S. (7 Wall.) 523, 19 L.Ed. 285 (1868)). It is undisputed that respondent had full notice of the charges against him. He participated in the formal hearing before the hearing committee and presented mitigating evidence. He was clearly aware that the charges against him were serious, as demonstrated by the fact that both the hearing committee and disciplinary board recommended disbarment.
Respondent filed an objection in this court to the recommendation of disbarment, filed a written brief and participated in oral argument. The thrust of respondent’s argument in this court was that his misconduct was not serious enough |?to warrant disbarment. Clearly, respondent’s position that he should not be disbarred necessarily encompassed the argument that he should not be permanently disbarred. As this court has recognized, permanent disbarment does not represent a new sanction which did not previously exist; rather, it is simply a procedural change to the rule which recognizes a power the court has always possessed. See In re: and Mann, 03-0234 (La.6/27/03), at p. 10, 849 So.2d 515, 522(“[t]hus, it is clear the amendments to Supreme Court Rule XIX, § 10(A) and § 24(A) do not represent a substantive change to the bar disciplinary rules, nor do they result in the adoption of a new sanction which did not previously exist. Rather, these amendments simply represent a procedural change to Supreme Court Rule XIX in order to recognize a power this court has always possessed”). Therefore, we find respondent received adequate procedural due process protection.
Accordingly, the application for rehearing is denied.

. Respondent also argues he was deprived of substantive due process and application of the permanent disbarment rules to his conduct would violate the prohibition against ex post facto laws. Nearly identical arguments were discussed and rejected in this court’s recent opinion in In re: Laudumiey and Mann, 03-0234 (La.6/27/03), 849 So.2d 515.